**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARKADIUSZ PIOTR POZARLIK and AGNIESZKA ZOFIA POZARLIK, <br><br> Plaintiffs, <br><br><br> CAMELBACK ASSOCIATES, INC. t/d/b/a THE VILLAGE AT CAMELBACK; THE VILLAGE AT CAMELBACK PROPERTY OWNERS ASSOCIATION, INC.; KATHLEEN SIMONCIC; QUEENSBORO FLOORING P.A. CORPORATION, QUEENSBORO PROFESSIONAL WOOD FLOORING, LLC; TOMAS KORYTKOWSKI; BELLA CHERNOV, and JOHN DOE NOS. 1-6 <br><br> Defendants. | CIVIL ACTION NO. 3:11-CV-1349 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Defendant Queensboro Professional Wood Flooring, LLC and its owner, defendant, Tomasz Korytkowski (collectively "Queensboro") move for a more definite statement of plaintiffs Arkadiusz and Agnieszka Pozarlik's amended complaint under Federal Rule of Civil Procedure 12(e) or to strike several paragraphs of the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 10.) Queensboro argues that the amended complaint's vagueness makes it impossible for it to answer the allegations in good faith without potentially prejudicing itself. The Court agrees and will order the Pozarliks to file a a more definite statement of the paragraphs of the amended complaint discussed below.

### BACKGROUND

The Pozarliks' allege as follows.

This suit arises out of a tragic fire that occurred during a home remodeling. The

Village at Camelback is a condominium community located in Tannersville, Pennsylvania and operated by Camelback Associates, Inc. Defendant Bella Chernov, owner of Unit 298, hired Queensboro to repair and refinish her unit's floors; Queensboro contracted with Arkadiusz Pozarlik. Ms. Chernov also had other individuals working on the unit during the floor refinishing. On July 22, 2009, Queensboro removed a heater in the unit from the pipe to which it was attached without properly securing the propane gas or gas line. That same day, there was an explosion and fire in the unit. Mr. Pozarlik, who was inside 298 working on the floors at the time, was seriously injured. In their complaint against Queensboro and the other defendants for negligence, the Pozarliks make the following allegations:

> Defendant Bella Chernov, individually and through her agents, ostensible or apparent agents, servants, workmen and/or employees, including but not limited to Dmitri Epelboym, Defendant Queensboro Flooring, Defendant Queensboro Professional, Defendant Tomasz Korytkowski, and Defendants John Does Nos. 1-6, individually and through *their respective agents, ostensible or apparent agents, servants, workmen and/or employees*, were negligent in . . . failing to abide by the rules and regulations of the condominium and condominium association with respect to work at the units . . . failing to exercise reasonable care in the performance of duties at the subject property *including but not limited to* carelessly and negligently acting as follows . . . failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the use of power tools and equipment at the subject property; [and] . . . violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

(Pl. Cmpt. ¶ 47) (emphasis added.)

Based on the allegations of ¶ 47 of the amended complaint, Queensboro filed a motion for a more definite statement or to strike portions of the complaint under Fed. R. Civ. P. 12(b)(6). Queensboro argues these allegations lack specificity and leave the Pozarliks too many "escape hatches" that prevent it from answering the complaint in good faith without potentially prejudicing itself and, more generally, from mounting a proper defense.

The motion has been briefed and is ripe for review.

## LEGAL STANDARDS

**I.      Fed. R. Civ. P. 12(e)**

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Like Rule 12(b)(6), Rule 12(e) must be read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8.  Even after the Supreme Court's ruling in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts have held that "[t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed," *Lapcevic v. Strive Enterprises, Inc.*, 2010 U.S. Dist. LEXIS 42975, at *20, 2010 WL 1816749 (W.D.Pa.2010) (quoting *Sun Co. v. Badger Design & Constructors*, 939 F.Supp. 365, 368 (E.D.Pa.1996). Granting a Rule 12(e) motion is appropriate only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Sun Co.*, 939 F.Supp. at 368.

**II.      Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**III.    Fed. R. Civ. P. 12(f)**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 12(f), the standard for striking portions of a plaintiffs complaint " 'is strict and ... only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken.' " *Johnson v. Anhorn*, 334 F.Supp.2d 802, 809 (E.D.Pa.2004) (quoting *Becker v. Chicago Title Ins. Co.*, No. Civ. A. 03–2292, 2004 U.S. Dist. LEXIS 1988, at *18, 2004 WL 228672 (E.D.Pa. Feb. 4, 2004)). Moreover, striking portions of a plaintiffs pleadings is a "drastic remedy", which should be used only when justice requires it. *Johnson*, 334 F.Supp.2d at 809 (quoting *United States v. Am. Elec. Power Serv. Corp.*, 218 F.Supp.2d 931 (S.D.Ohio 2002)) (quotations omitted); *see also DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 428 (E.D.Pa.2007) (providing that while "motions to strike may save time and resources by making it unnecessary to litigate claims that will not affect the outcome of the case, motions to strike generally are disfavored."). Motions to strike are decided on the pleadings alone. *Id.* at 429 (citing *North Perm Transfer, Inc. v. Victaulic Co. of Am.*, 859 F.Supp. 154, 159

(E.D.Pa.1994)).

## DISCUSSION

A more definite statement of the allegations in ¶ 47 of the amended complaint is required for Queensboro to adequately respond and prepare its defense.

In the opening of ¶ 47, the Pozarliks allege that Queensboro, "individually and through [its] resepective agents, ostensible or apparent agents, servants, workmen and/or employees" were negligent. While they do not identify who these agents or workmen were, it is not necessary to do so. Their identification is properly the subject of discovery. However, in ¶ 47(f) and (m), the Pozarliks allege Queensboro was negligent in failing to exercise reasonable care at the property, "including but not limited to" twelve different theories, as well as "such other negligence, if any, that will be ascertained during discovery." The broad, conclusory allegations here and the "including but not limited to" language fail to put Queensboro on notice as to what it is accused of and leave it exposed to liability for any possible form of negligence. Finally, the allegations of ¶ 47(b), (f)(iii), and (l) also need to be better defined. These allegations state that Queensboro was negligent in:

> failing to abide by the rules and regulations of the condominium and condominium association with respect to work at the units; failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the use of power tools and equipment at the subject property; [and] . . . violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

Clearly, Queensboro cannot be asked to answer such vague and sweeping allegations, incorporating potentially innumerable state and federal laws. There is a need to identify the rules, regulations, and laws that have allegedly been violated. Even under the liberal pleading standard of Fed. R. Civ. P. 8(a), such claims are insufficient and need to either be

6

further clarified or removed.  The Pozarliks will need to re-tool their allegations so that Queensboro can adequately respond and prepare its defense.

## CONCLUSION

The Court will grant Queensboro's motion for a more definite statement for the reasons discussed.  The Pozarliks will have twenty-one (21) days to amend and re-file the allegations found in ¶ 47 of their amended complaint.

An appropriate order follows.


 11/30/11                                                                           /s/ A. Richard Caputo
Date                                                                                  A. Richard Caputo
                                                                                       United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARKADIUSZ PIOTR POZARLIK and AGNIESZKA ZOFIA POZARLIK,<br><br>    Plaintiffs,<br><br> <br><br>CAMELBACK ASSOCIATES, INC. t/d/b/a THE VILLAGE AT CAMELBACK; THE VILLAGE AT CAMELBACK PROPERTY OWNERS ASSOCIATION, INC.; KATHLEEN SIMONCIC; QUEENSBORO FLOORING P.A. CORPORATION, QUEENSBORO PROFESSIONAL WOOD FLOORING, LLC; TOMAS KORYTKOWSKI; BELLA CHERNOV, and JOHN DOE NOS. 1-6<br><br>    Defendants. | CIVIL ACTION NO. 3:11-CV-1349<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this ___30th___ day of November, 2011, **IT IS HEREBY ORDERED** that defendants' motion for a more definite statement (Doc. 10) is **GRANTED**. Plaintiffs have **twenty-one (21) days** to file an amended complaint. Defendants' previous motion for a more definite statement (Doc. 4) is **MOOT**.

                                                           /s/ A. Richard Caputo
                                                           A. Richard Caputo
                                                           United States District Judge