**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARKADIUSZ PIOTR POZARLIK and AGNIESZKA ZOFIA POZARLIK,<br><br>Plaintiffs,<br><br>v.<br><br>CAMELBACK ASSOCIATES, INC. t/d/b/a THE VILLAGE AT CAMELBACK; THE VILLAGE AT CAMELBACK PROPERTY OWNERS ASSOCIATION, INC.; KATHLEEN SIMONCIC; QUEENSBORO FLOORING P.A. CORPORATION, QUEENSBORO PROFESSIONAL WOOD FLOORING, LLC; TOMAS KORYTKOWSKI; BELLA CHERNOV, and JOHN DOE NOS. 1-6<br><br>Defendants. | CIVIL ACTION NO. 3:11-CV-1349<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Defendants, The Village at Camelback Property Owners Association, Inc. and property manager, Kathleen Simoncic (collectively "Defendants"), move for a more definite statement of Plaintiffs Arkadiusz and Agnieszka Pozarlik's (collectively "Plaintiffs") Second Amended Complaint under Federal Rule of Civil Procedure 12(e) or to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc 17.) Defendants assert that the amended complaint lacks sufficient detail to permit Defendants to answer the complaint in good faith. Alternatively, Defendants argue that Plaintiffs' claim for negligence fails to state a claim for which relief can be granted. Because Plaintiffs' Second Amended Complaint is sufficiently specific and adequately states a claim for negligence against Defendants, Defendants' motion will be denied.

## BACKGROUND

The Pozarliks' allege as follows:

This suit arises out of a tragic fire that occurred during a home remodeling. The Village at Camelback Property Owners Association, Inc. is a non-profit corporation incorporated in the Commonwealth of Pennsylvania. At all times relevant to this action, Kathleen Simoncic was the property manager hired by the Property Owners Association. Ms. Simoncic's responsibilities included caring and maintaining all of the dwelling units, common areas, and road within the community.

In the summer of 2009, work was being performed in Unit 298 by Queensboro Flooring P.A. Corp. and/or Queensboro Professional Wood Flooring, LLC. Plaintiff Arkadiusz Pozarlik was hired by the Queensboro companies to sand, clean, and refinish the floor in Unit 298, which is owned by Defendant Bella Chernov. On July 22, 2009, Queensboro removed a heater in the unit from the pipe to which it was attached without properly securing the propane gas or gas line. That same day, there was an explosion and fire in the unit. Mr. Pozarlik, who was inside Unit 298 working on the floors at the time, was seriously injured.

In their complaint against The Village at Camelback Property Owners Association and Ms. Simoncic, the Pozarliks assert that Defendants "were responsible for taking all steps necessary to ensure the health and safety of all owners and/or residents of The Village at Camelback and all business invitees and others lawfully on the premises." (Pl. Sec. Am. Compl. ¶ 44. (Doc. 14).) According to Plaintiffs, "Section 3302(a) of the Pennsylvania Uniform Condominium Act, 68 Pa. C.S. § 3302(a), confers broad powers on the condominium units owners' association, including the power to regulate the use,

maintenance, repair and modification of residential units." *Id*. at ¶ 38. Plaintiffs assert that the Property Owners Association "enjoyed all of the powers conferred upon a condominium unit owners' association by Section 3302(a) of the Pennsylvania Uniform Condominium Act." *Id*. at ¶ 39. Plaintiffs further assert that "the Declaration provides that maintenance and repairs to dwelling units are the responsibility of the Property Owners Association and its designated Management Agent." *Id*. at ¶ 40.

Plaintiffs allege that Defendants' negligent acts, include, *inter alia*:

(a) permitting unqualified workmen to perform repairs, alterations, remodeling, and/or renovation to be performed to Unit 298;

(b) failing to prescribe the manner in which repairs, alterations, remodeling and/or renovation to be performed to Unit 298;

(c) failing to supervise and monitor the performance of repairs, alterations, remodeling and/or renovation to be performed to Unit 298;

(d) failure to enforce rules and regulations regarding storage and use of flammable materials;

(e) failure to remove from the premises incompetent workers which it know or should have known presented a danger to themselves, the dwelling units, and the residents of the Village;

(f) failure to ensure that Unit 298 was equipped with a functioning sprinkler system;

(g) failure to ensure that Unit 298 had a functioning smoke detector system;

(h) failure to ensure that Unit 298 had a functioning fire alarm system;

(i) failure to warn Plaintiff and others that Unit 298 lacked adequate sprinkler, smoke detector and fire alarm system;

(j) failing to establish an adequate safety program for construction work performed on the condominium premises and dwelling units;

(i) violation of applicable federal, state and local statutes and regulations; condominium rules and regulations;

(k) such other negligence, if any, that will be ascertained during discovery.

*Id.* at ¶ 46.[1]

Based on the allegations of ¶¶ 36-40 and ¶ 46 of the Second Amended Complaint, Defendants filed a motion for a more definite statement or, alternatively, to dismiss the negligence claim under Fed. R. Civ. P. 12(b)(6). The motion has been briefed and is ripe for review.

## LEGAL STANDARDS

### I.   Fed. R. Civ. P. 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Like Rule 12(b)(6), Rule 12(e) must be read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. Even after the Supreme Court's ruling in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts have held that "[t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." *Lapcevic v. Strive Enterprises, Inc.*, No. 2:09-cv-564, 2010 WL 1816752, at *7 (W.D.Pa. Apr. 8, 2010) (quoting *Sun Co. v. Badger Design & Constructors*, 939 F.Supp. 365, 368 (E.D.Pa.1996)). Granting a Rule 12(e) motion is appropriate only when the pleading is "so vague or

---

[1] Plaintiffs' Second Amended Complaint also contains a claim for loss of consortium against Defendants. Defendants, however, have not moved for a more definite statement or to dismiss the consortium claim.

4

ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Sun Co.*, 939 F.Supp. at 368.

## II.     Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are

based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

In Pennsylvania, a claim for negligence is established by proving the following four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Estate of Swift by Swift v. Northeastern Hosp.*, 456 Pa.Super. 330, 690 A.2d 719 (1997). The primary element in any negligence cause of action is that the defendant owes a duty of care to the plaintiff. *See Gibbs v. Ernst*, 538 Pa. 193, 210, 647 A.2d 882, 890 (1994). However, the concept of duty of care does not lend itself to strict, mathematical application, but is rather "necessarily rooted in often amorphous public policy considerations, which may include the court's perception of history, morals, justice and society." *Althaus ex rel. Althaus*

*v. Cohen*, 562 Pa. 547, 553, 756 A.2d 1166 (2000) (internal citation omitted).

## I. Motion for More Definite Statement

As Plaintiffs' Second Amended Complaint sufficiently satisfies Rule 12(e), Defendants' motion for a more definite statement will be denied.[2] Here, Defendants argue that a more definite statement is required because the Second Amended Complaint "alleges certain acts of the association and it's property manager caused plaintiff's accident without specifying what acts, where, and when." (Defs.' Mot. ¶ 10 (Doc. 17).) Defendants' contention, however, is without merit. Plaintiffs' Second Amended Complaint identifies the date on which Plaintiff was injured, how the Plaintiff was injured, and where the Plaintiff was injured. Furthermore, the Second Amended Complaint alleges, in detail, the negligent acts performed by the Property Owners Association and Ms. Simoncic. (Pl. Sec. Am. Compl. ¶ 46. (Doc. 14).) As such, this is not one of the rare cases where the pleading is so "unintelligible" that the Court cannot "make out one or more potentially viable legal theories on which the claimant might proceed." *Lapcevic*, 2010 WL 1816752, at *7.

## II. Motion to Dismiss

Defendants' motion to dismiss Plaintiffs' negligence claim will also be denied. Here, the Second Amended Complaint sufficiently alleges all necessary elements of a negligence claim under Pennsylvania law. Particularly, Plaintiffs allege that a duty was imposed on

---

[2] Defendants' motion for a more definite statement appears to rely on the Court's November 30, 2011 Memorandum and Order. (Doc. 13.) The Court granted Defendants Queensboro Professional Wood Flooring and its owner, Tomasz Korytkowski's motion for a more definite statement because the First Amended Complaint alleged defendants were negligent in failing to exercise reasonable care "including, but not limited to" twelve different theories of liability. Here, the negligence claim as to Defendants does not contain such broad and sweeping allegations. As such, Plaintiffs have sufficiently put Defendants on notice of their alleged acts of negligence.

7

Defendants pursuant to the condominium community's Declaration and that Defendants were responsible for the general maintenance and construction work performed in the dwelling units. (Pl. Sec. Am. Compl. ¶¶ 41-44) (Doc. 14).) Plaintiffs allege that Defendants breached this duty by failing to ensure that the remodeling and renovations on Unit 298 were performed safely and by qualified contractors. *Id*. at ¶ 46.  And, Plaintiffs allege that Defendants' conduct caused Plaintiff to suffer severe injuries. *Id*. at ¶¶ 47-51.  Plaintiffs' allegations are sufficient "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element of a negligence claim. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  As such, Defendants' motion to dismiss will be denied.

## CONCLUSION

For the above reasons, Defendants' motion (Doc. 17) will be denied.  Defendants, The Village at Camelback Property Owners Association and Kathleen Simoncic, will be given twenty-one (21) days to answer the Second Amended Complaint.

An appropriate order follows.


 March 7, 2012                                                                             /s A. Richard Caputo
Date                                                                                        A. Richard Caputo
                                                                                            United States District Judge